FILED
APR 30 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　　　DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>KHANG DANG LY (2),<br>　　　　　Defendant. | Case No. 17CR3855-LAB<br><br>PRELIMINARY ORDER OF<br>CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant KHANG DANG LY ("Defendant"), pursuant to Title 18 United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), as properties involved in the violation of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), as charged in the Superseding Information; and

WHEREAS, on or about February 6, 2018. Defendant pled guilty before Magistrate Judge William V. Gallo to Count 2 of the Superseding Information, which plea included consent to the forfeiture allegation of the Superseding Information, including forfeiture of the following:

　　　　a.　Cobray M-11 9 mm semi-automatic pistol with collapsible stock and suppressor with serial no. 88-0004287;

　　　　b.　Cobray M-11 9 mm semi-automatic pistol with serial no. 94-003755;

c. Smith and Wesson 500 revolver with serial number DBP9948;
d. Nineteen (19) rounds of .50 caliber ammunition;
e. Three (3) loaded 9 mm magazines;
f. Colt 45 MK4 pistol with serial no. LFA6596
g. Four (4) .45 caliber magazines;
h. A 7.62 magazine;
i. AKM AK-47 rifle with serial no. 1987sc4947;
j. Four (4) 7.62 30-round magazines;
k. Two (2) 7.62 drum magazines;
l. H&K .40 pistol with serial no. 22-111341;
m. Beretta 9 mm pistol with serial no. BER3600516;
n. Five (5) 9mm magazines;
o. Five (5) .40 magazines;
p. Glock 21 .45 pistol with serial no. KNR361;
q. A loaded .45 magazine;
r. Colt Python .357 revolver;
s. 30 rounds of .357 ammunition;
t. Desert Eagle .44 pistol with serial no. 77530;
u. Three (3) loaded .44 magazines;
v. Bushmaster MX15 .223 rifle with serial no. BF1452943;
w. Two (2) silencers;
x. Smith and Wesson MP15 rifle with serial no. SW99192;
y. SKS rifle with cut stock and serial no. B03925;
z. Two (2) SKS magazines;
aa. Desert Eagle .50 pistol with serial no. 36200335;
bb. A .50 magazine;
cc. Nine (9) loaded and three unloaded high capacity magazines;
dd. Colt 32-20 Arm Special pistol with serial no. 543097;

| | | |
|---|---|---|
|  | ee. | Intratec DC-9 9 mm pistol with serial no. D042933; |
|  | ff. | Intratec DC-9 9 mm pistol with serial no. D128331; |
|  | gg. | .223 Ruger Mini 14 rifle with serial no. 181-755247; |
|  | hh. | Sten MK3 9 mm pistol; |
|  | ii. | A clear .223 ammunition drum; |
|  | jj. | A loaded Desert Eagle magazine; |
|  | kk. | Three (3) loaded Glock .45 magazines; |
|  | ll. | Three (3) loaded 9 mm magazines; |
|  | mm. | Ten (10) loaded and two unloaded .223 magazines; |
|  | nn. | A .223 drum magazine; and |

WHEREAS, on or about April 4, 2018, the following properties were administratively forfeited in the Southern District of California by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF");

a. Cobray M-11 9 mm semi-automatic pistol with collapsible stock and suppressor with serial no. 88-0004287;
b. Cobray M-11 9 mm semi-automatic pistol with serial no. 94-003755;
c. Smith and Wesson 500 revolver with serial number DBP9948;
d. Nineteen (19) rounds of .50 caliber ammunition;
e. Colt 45 MK4 pistol with serial no. LFA6596
f. AKM AK-47 rifle with serial no. 1987sc4947;
g. H&K .40 pistol with serial no. 22-111341;
h. Beretta 9 mm pistol with serial no. BER3600516;
i. Glock 21 .45 pistol with serial no. KNR361;
j. Colt Python .357 revolver;
k. 30 rounds of .357 ammunition;
l. Desert Eagle .44 pistol with serial no. 77530;
m. Bushmaster MX15 .223 rifle with serial no. BF1452943;
n. Two (2) silencers;

| | |
|---|---|
| o. | Smith and Wesson MP15 rifle with serial no. SW99192; |
| p. | SKS rifle with cut stock and serial no. B03925; |
| q. | Desert Eagle .50 pistol with serial no. 36200335; |
| r. | Colt 32-20 Arm Special pistol with serial no. 543097; |
| s. | Intratec DC-9 9 mm pistol with serial no. D042933; |
| t. | Intratec DC-9 9 mm pistol with serial no. D128331; |
| u. | .223 Ruger Mini 14 rifle with serial no. 181-755247; |
| v. | Sten MK3 9 mm pistol; |

WHEREAS, on April 5, 2018, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received; Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant KHANG DANG LY in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

//

//

|   |    |                                                              |
|---|----|--------------------------------------------------------------|
| 1 | a. | Three (3) loaded 9 mm magazines;                             |
| 2 | b. | Four (4) .45 caliber magazines;                              |
| 3 | c. | A 7.62 magazine;                                             |
| 4 | d. | Four (4) 7.62 30-round magazines;                            |
| 5 | e. | Two (2) 7.62 drum magazines;                                 |
| 6 | f. | Five (5) 9mm magazines;                                      |
| 7 | g. | Five (5) .40 magazines;                                      |
| 8 | h. | A loaded .45 magazine;                                       |
| 9 | i. | Three (3) loaded .44 magazines;                              |
| 10| j. | Two (2) SKS magazines;                                       |
| 11| k. | A .50 magazine;                                              |
| 12| l. | Nine (9) loaded and three unloaded high capacity magazines;  |
| 13| m. | A clear .223 ammunition drum;                                |
| 14| n. | A loaded Desert Eagle magazine;                              |
| 15| o. | Three (3) loaded Glock .45 magazines;                        |
| 16| p. | Three (3) loaded 9 mm magazines;                             |
| 17| q. | Ten (10) loaded and two unloaded .223 magazines;             |
| 18| r. | A .223 drum magazine;                                        |

2. The aforementioned forfeited assets are to be held by ATF in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

//

4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.     The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

DATED: 4-30-18

Hon. Larry Alan Burns
United States District Judge